UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MEHUL TRIVEDI,

           Plaintiff,                        COMPLAINT AND DEMAND
                                                  FOR JURY TRIAL

 -vs-

                                                     Civ. Case No.: 1:20-CV-0609 (TJM/DJS)

ST. PETER'S HEALTH PARTNERS
MEDICAL ASSOCIATES, P.C.,

           Defendant.
_____

      Plaintiff, Mehul Trivedi, by and through his attorneys Tully Rinckey, PLLC, complaining of the Defendant, St. Peter's Health Partners Medical Associates, P.C., hereby alleges as follows:

## NATURE OF ACTION

      1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the New York State Human Rights Law, Article 15 §§ 296, *et seq.* ("NYSHRL"), and 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal and state laws, which rights provide for injunctive and other relief for illegal discrimination and retaliation in employment.

## JURISDICTION

      2.    Jurisdiction is proper before this Court pursuant to 28 U.S.C. § 1331, Title VII, 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 1981.

      3.    This Court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367 and the NYSHRL, Article 15, §§ 296, *et seq.*

1

## VENUE

4.      Venue is proper by virtue of 28 U.S.C. § 1391, in that the events giving rise to the claims in this action arose in this judicial district.

## PARTIES

5.      Plaintiff Mehul Trivedi ("Trivedi") is a citizen of the United States, residing in the County of Saratoga, State of New York.

6.      At all times relevant, Trivedi was a full-time employee of Defendant, St. Peters Health Partners Medical Associates, P.C. ("SPHPMA"), within the definition of "employee" under Title VII and the NYSHRL.

7.      Upon information and belief, SPHPMA was and is a domestic professional corporation organized under the laws of the State of New York, with a place of business located at 3125 S. Manning Boulevard, Albany, New York, in the County of Albany.

8.      Upon information and belief, SPHPMA provides medical services to the residents of the community at St. Peter's Hospital in Albany, New York.

9.      Upon information and belief, SPHPMA is a secular organization and does not have any religious affiliation.

10.     SPHPMA was and is an "employer" within the definitions of Title VII and NYSHRL.

## COMPLIANCE WITH THE JURISDICTIONAL REQUIREMENTS OF EMPLOYMENT DISCRIMINATION CLAIMS

11.     All conditions precedent to jurisdiction under the state and federal discrimination statutes have been complied with in that plaintiff filed charges of employment discrimination with the Equal Employment Opportunity Commission within three hundred days of the

commission of the last unlawful employment practices. Within said charge, Trivedi alleged that SPHPMA violated his rights under state and federal employment laws.

12. Due to the dual filing agreement between the Equal Employment Opportunity Commission and the New York State Division of Human Rights, the filing of a charge with the Equal Employment Opportunity Commission acts as a filing of the same charge with both agencies.

13. Trivedi was issued a Right to Sue Notice from the Equal Employment Opportunity Commission, dated March 5, 2020 and received on March 9, 2020.

14. This complaint has been filed within ninety (90) days of receipt of the Right to Sue Notice.

**FACTS**

15. Trivedi worked for SPHPMA for approximately ten (10) years from 2009 through May 2019.

16. On May 1, 2019, Trivedi was terminated from SPHPMA.

17. Trivedi is Indian and with brown complexion.

18. At all relevant times herein, Trivedi was employed as a Surgeon at SPHPMA.

19. Prior to Trivedi's employment at SPHPMA, there were two (2) failed attempts to start up a Bariatric Surgery Program (the "Program").

20. While an employee at SPHPMA, Trivedi started and built the Program that he ran until he was terminated.

21. In 2015, Trivedi was awarded the Capital Region's "Top Doctors" award.

22. In 2017, Trivedi's Program achieved a Center of Excellence accreditation from the American College of Surgeons.

23. In 2018 and 2019, Trivedi's Program received the Women's Choice Award for bariatric surgery.

24. Trivedi's Program was profitable with a high success rate, low complication rate, and very low mortality over the near decade span of the Program, which included thousands of surgeries.

25. While building his Program, two (2) Caucasian bariatric surgeons were hired, including Mathew McDonald ("McDonald").

26. On multiple occasions, McDonald harassed Trivedi and talked negatively about Trivedi's Program, including making false claims involving data manipulation.

27. While running the Program, Trivedi continuously, for approximately eight (8) years, asked SPHPMA for a Partner to join the Program, but he was denied due to the Program allegedly not being profitable enough.

28. At all relevant times, a less tenured Caucasian bariatric surgeon was running a less profitable program than Trivedi's, and received a Partner upon request.

29. In 2018, a Focused Professional Practice Evaluation ("2018 FPPE") was conducted after McDonald and Dr. Carol Santoro, doctors in a competing Bariatric Surgery Program to Trivedi's, raised fabricated concerns regarding Trivedi.

30. During the 2018 FPPE, the SPHPMA's Examiner did not meet with Trivedi nor did they meaningfully examine any cases. SPHPMA's Examiner concluded that Trivedi's clinical care could be improved.

31. On October 14, 2018, a patient of Trivedi passed away after a surgery from a post-operative hemorrhage; not due to surgery.

32. After the passing of the patient, a Root Cause Analysis meeting ("RCA Meeting")

was held to determine the cause of death of the patient.

33. The RCA Meeting was held without representatives from the Intensive Care Unit and Pharmacy Department, although, upon information and belief, such representatives were required to be present.

34. In December 2018, the RCA Meeting took place with Dr. Alan Sanders, Chief Medical Officer ("Dr. Sanders"), Dr. John Taggert, Chief of Surgery ("Dr. Taggert"), and Dr. Barbara Brazis, Chief of General Surgery ("Dr. Brazis"), in which they prepared a report related to the death of the patient.

35. Soon after, a report was sent to the same SPHPMA Examiner as the 2018 FPPE.

36. At all relevant times, the SPHPMA Examiner never spoke to Trivedi regarding the death of the patient.

37. At all relevant times, Trivedi requested a more in-depth review of the death, which was denied.

38. Dr. Steven Hanks ("Dr. Hanks") suggested to the Medical Associates that Trivedi should be fired. Dr. Brazis and Dr. Sudeep Ross ("Dr. Ross") were against Dr. Hanks' suggestion. Dr. Brazis stated that this was not the first occasion where Trivedi was being attacked.

39. On January 14, 2019, a letter ("2019 Letter") written by Dr. Sanders and Dr. Taggert was given to Trivedi. The 2019 Letter came to the conclusion that Trivedi's Program lacked backup coverage, despite Trivedi being denied the addition of a Partner to his Program. Additionally, the 2019 Letter stated that Trivedi allegedly had competency issues, required additional training, and lacked strong peer relationships with his colleagues; relationships that would assist Trivedi in his Program and improve safer patient outcomes, despite Trivedi's

5

Program being highly successful and profitable.

40. The 2019 Letter requested that Trivedi take the following four (4) actions:

l. Seek an evaluation by the Committee for Physician's Health (mssny.org/cph). Authorize the disclosure of its evaluation to the two of us. If the CPH recommends further treatment, you will need to secure such treatment.

2. Observe ten cases of bariatric surgery at a medical center with a high volume of such procedures.

3. Request a leave of absence for the purpose of items 1-2 above. It does not have to start immediately, but should start by February 15, 2019.

4. Upon your return, secure backup surgical coverage for at least every other night for cases at the hospital.

41. The 2019 Letter then stated that after the completion of the aforementioned four actions, Dr. Sanders and Dr. Taggert would review various records of Trivedi's cases for three months to analyze his improvement. If satisfied, Trivedi's matter would be closed.

42. On or about January 16, 2019, Trivedi talked to Dr. Hanks about the possibility of Trivedi being fired from SPHPMA and they agreed to meet later in the day to discuss further.

43. Later on or about January 16, 2019, Trivedi questioned Dr. Hanks if Trivedi's treatment was because of the color of his skin to which Dr. Hanks responded that Trivedi should be at the next meeting that is held.

44. On January 18, 2019, Trivedi responded to the 2019 Letter with his own letter ("Trivedi's Response Letter"). Trivedi's Response Letter discussed his success and the unfair treatment he was receiving compared to his Caucasian counterparts during his time up to that point at SPHPMA. Trivedi also responded to each of the four (4) requests set out by Dr. Sanders and Dr. Taggert in the 2019 Letter, specifically noting that nobody at SPHPMA had the ability to provide surgical coverage for Trivedi due to their lack of experience in performing bariatric

6

surgeries.

45. On May 1, 2019, Trivedi was terminated from SPHPMA.

46. On May 8, 2019, a memorandum was issued to "All SPHP Medical Staff and Management" informing them that Trivedi was no longer working for SPHPMA and providing contact information for other SPHPMA bariatric surgery practices.

**FIRST CAUSE OF ACTION FOR VIOLATIONS OF TITLE VII FOR RACE AND/OR COLOR DISCRIMINATION**

47. Trivedi repeats and reiterates each and every allegation of this complaint above with full force and effect as if set forth at length in this cause of action.

48. Trivedi is Indian with a brown complexion.

49. Trivedi had been a good, dutiful employee of SPHPMA since 2009.

50. Trivedi was qualified for the position he held.

51. Trivedi was treated differently than his peers including being denied hiring a partner for his Bariatric Surgery practice despite the profitability and success of the practice and being denied the opportunity to speak with SPHPMA's Examiner during the 2018 FPPE and post-death of one of Trivedi's patients.

52. The termination of Trivedi is an adverse employment action.

53. Upon information and belief, non-Indian, brown complexion employees were not treated in this fashion by SPHPMA.

54. As an example, on or about January 16, 2019, Trivedi questioned Dr. Hanks if Trivedi's treatment was because of the color of his skin.

55. SPHPMA, acting through their employees, demonstrated animus toward Trivedi based on his race and/or color. Accordingly, the aforementioned conduct against Trivedi

occurred under circumstances that give rise to an inference of discrimination due to Trivedi's race and/or color.

56. For all the foregoing reasons, SPHPMA has engaged in the unlawful employment practice of discrimination against Trivedi in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*

57. As a result of SPHPMA's discrimination in violation of Title VII, Trivedi has been damaged in an amount to be determined by a jury at the time of trial.

**SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW FOR RACE AND/OR COLOR DISCRIMINATION**

58. Trivedi repeats and reiterates each and every allegation of this complaint above with full force and effect as if set forth at length in this cause of action.

59. During Trivedi's employment with SPHPMA, SPHPMA discriminated against Trivedi with respect to the terms, conditions and privileges of employment because of Trivedi's race and/or color, in violation of Article 15 of the NYSHRL, §§ 296, *et seq.*, as delineated above.

60. As a result of SPHPMA's discrimination in violation of the NYSHRL, Trivedi has been damaged in an amount to be determined by a jury at the time of trial.

**THIRD CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII**

61. Trivedi repeats and reiterates each and every allegation of this complaint above with full force and effect as if set forth at length in this cause of action.

62. Pursuant to Title VII, it is unlawful to retaliate against an individual for making or supporting a charge of discrimination. 42 U.S.C. § 2000e-3(a).

63. SPHPMA engaged in a continuing pattern and practice of retaliation against Trivedi in violation of Title VII and failed to take any remedial action with respect to Trivedi's complaints to his supervisors regarding unlawful discrimination.

64. On at least one (1) occasion, Trivedi's Response Letter, during his employment, Trivedi complained, in good faith, to his supervisors about discrimination and unlawful conduct in the workplace. By protesting the discrimination and unlawful conduct, Trivedi engaged in protected activity under Title VII.

65. In addition to the written complaint, on or about January 16, 2019, Trivedi opposed harassment in the work place when he asked Dr. Hanks if his treatment was because of the color of his skin.

66. As a result of Trivedi's protected activity, SPHPMA took adverse employment actions against Trivedi.

67. SPHPMA's aforementioned actions toward Trivedi are adverse employment actions because a reasonable employee, such as Trivedi, would have found the actions materially adverse; which might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

68. The aforementioned adverse employment actions and the incidents identified in this complaint demonstrate that SPHPMA's was motivated by retaliatory animus toward Trivedi and there is a causal connection between the adverse employment actions and Trivedi's protected activity.

69. For all the foregoing reasons, during Trivedi's employment with SPHPMA, SPHPMA retaliated against Trivedi with respect to the terms, conditions and privileges of employment because of Trivedi's complaints of race and/or color discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*

70. As a result of SPHPMA's retaliation in violation of Title VII, Trivedi has been damaged in an amount to be determined by a jury at the time of trial.

**FOURTH CAUSE OF ACTION FOR VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW DUE TO RETALIATION**

71. Trivedi repeats and reiterates each and every allegation of this complaint above with full force and effect as if set forth at length in this cause of action.

72. During Trivedi's employment with SPHPMA, SPHPMA retaliated against Trivedi with respect to the terms, conditions and privileges of employment because of Trivedi's complaints of race and/or color discrimination in violation of Article 15 of the NYSHRL, §§ 296, *et seq.*, as delineated above.

73. As a result of SPHPMA's retaliation in violation of the NYSHRL, Trivedi has been damaged in an amount to be determined by a jury at the time of trial.

**FIFTH CAUSE OF ACTION FOR VIOLATIONS OF 42 U.S.C. § 1981 FOR RACE DISCRIMINATION AND RETALIATION**

74. Trivedi repeats and reiterates each and every allegation of this complaint above with full force and effect as if set forth at length in this cause of action.

75. During Trivedi's employment, SPHPMA deprived Trivedi, an Indian of brown complexion, of his civil rights under 42 U.S.C. § 1981, as outlined above, based upon his race, color, and protected activity.

76. SPHPMA retaliated against Trivedi after he complained of the disparate treatment he was receiving because of his race, color, and protected activity, and Trivedi was then terminated for pre-textual reasons.

77. As such, Trivedi was not allowed to make and enforce contracts as is enjoyed by white citizens.

78. This treatment caused Trivedi to suffer embarrassment, humiliation, and economic damages.

79. During Trivedi's employment, SPHPMA discriminated and retaliated against the plaintiff with respect to the terms, conditions and privileges of employment, in violation of 42 U.S.C. § 1981, as delineated above.

**WHEREFORE**, Trivedi requests the following relief:

A. Enter judgment that SPHPMA's termination of Trivedi constitutes a violation of the foregoing statutes;

B. Issue an injunction requiring SPHPMA to reinstate Trivedi to his former position, or to grant front pay if reinstatement is denied;

C. Grant Trivedi a permanent injunction enjoining SPHPMA, their agents, successors, employees, and those acting in consort with SPHPMA, from continuing to violate Trivedi's civil rights;

D. Award Trivedi his lost wages, value of lost benefits, bonuses, pre-judgment interest, post judgment interest, and other monetary losses caused by SPHPMA's unlawful termination of Trivedi's employment;

E. Award Trivedi the amount of any lost or diminished Social Security benefits and any expenses incurred for job searches;

F. Award Trivedi emotional distress damages, out-of-pocket expenses, and any and all other pecuniary and non-pecuniary compensatory damages caused by Defendant's unlawful conduct as set forth herein;

G. Award Trivedi attorneys' fees, costs and disbursements in this action;

H. Award Trivedi punitive damages;

I. Award Trivedi prejudgment interest; and,

J. Grant Trivedi such other relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure, trial by jury on all issues is demanded.

Dated: June 2, 2020
      Albany, New York

                                 MEHUL TRIVEDI

                                 By his Attorneys:

                                 _____
                                 Allen A. Shoikhetbrod, Esq.
                                 Partner
                                 NDNY Bar Roll No.: 519798
                                 TULLY RINCKEY, PLLC
                                 441 New Karner Road
                                 Albany, NY 12205
                                 Phone: (518) 218-7100
                                 Fax:   (518) 218-0496
                                 ashoikhetbrod@tullylegal.com